UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| | | | |
|---|---|---|---|
| Case No. | CV 09-5839 DSF (RCx) | Date | 9/1/09 |
| Title | Guadalupe Arevalo v. Gruma Corporation, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order REMANDING Case to Superior Court

    On August 11, 2009, Defendant removed this matter from state court on the basis of diversity jurisdiction under the Class Action Fairness Act. The case was previously removed on June 12, 2009. (See Arevalo v. Gruma Corp., CV 09-4207 DSF (RCx).) This Court issued on Order to Show Cause re Subject Matter Jurisdiction on June 29, 2009. Defendant responded on July 15, 2009. The response was insufficient and the matter was remanded by this Court on July 17, 2009.

    Defendant has removed the case again. Generally, removal after remand is not allowed if the second removal is on the same basis as the first. See Seedman v. U.S. Dist. Ct., 837 F.2d 413, 414 (9th Cir. 1988); Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1990); Midlock v. Apple Vacations West, Inc., 406 F.3d 453, 456-57 (7th Cir. 2005). However, a second removal is allowed where different grounds for or evidence in support of removal become available after the first removal. See Peabody, 892 F.2d at 776; Midlock, 406 F.3d at 457.

    Defendant argues that new evidence in the form of Plaintiff's amended complaint excuses its removal after remand. It does not. Defendant admits that the amended complaint was "filed and served" on July 13, 2009. (Notice of Removal ¶ 4.) The amended complaint is not "new" evidence – it was available two days before Defendant's response to the Court's order to show cause was due and four days before the Court remanded the case. Defendant could have and should have cited the amended complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

in support of its argument during the first remand proceeding.  Defendant failed to convince the Court that subject matter jurisdiction was present and now has removed in an attempt to try again using evidence that was available before the first remand.  This is what the successive removal bar prohibits.

The case is REMANDED to the Superior Court of California for the County of Los Angeles.

IT IS SO ORDERED.